IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
ARTHUR L. HARRIS,              )
                               )
Plaintiff,                     )
                               )
vs.                            )   NO. 2:06-CV-133
                               )
WILLIE HARRIS,                 )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte*.

Arthur L. Harris, a pro se prisoner, submitted a complaint and was awarded in forma pauperis status.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Harris alleges his attorney took his jewelry in 1998 and kept it. This claim is barred by the statute of limitations. Though the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Because there is no federal statute of limitations, federal courts apply the most appropriate state statute of limitations. The Indiana statute of limitations applicable to personal property claims is the 2-year period found in Indiana Code section 34-11-2-4. *See Milestone Contractors v. Indiana Bell Tel.*, 739 N.E.2d 174 (Ind. App. 2000).

As Harris notes in his complaint, he has been on a "seven year quest [for the] return of [his] property." (Compl. at 2, DE 1-1.) Though it is possible to imagine it was not originally clear the attorney would keep the jewelry and that he could have been concealing his alleged conversion of Harris' property, the complaint notes that Harris has not communicated with Defendant about this matter, either directly or indirectly, for nearly three years. Because of that, even the most generous, possible enlargement of the statute of limitations could not be sufficient to revive this claim.

For the foregoing reasons, the Clerk is **ORDERED** to **DISMISS** this case pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).

DATED: April 11, 2006                    /s/RUDY LOZANO, Judge
                                         **United States District Court**